**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Carpenters and Joiners Welfare Fund, Twin City Carpenters Pension Fund, Twin City Carpenters Apprenticeship Fund, National Apprenticeship Training Fund, and Twin City Carpenters Vacation Fund Trusts,

Civil No. 01-330 (DWF/AJB)

Plaintiffs,

v.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Superior Builders, Inc., and David J. Berg, individually,

Defendants.

---

Jacqueline M. Beaulieu, Esq., McGrann Shea Anderson Carnival Straughn & Lamb, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402-2041, counsel for Plaintiffs.

Superior Builders, Inc., and David J. Berg, Defendants.

---

This matter came on for hearing before the Court on August 17, 2001, on Plaintiffs' motion for entry of Defendants' default and for default judgment.

Upon all files, records and proceeding herein, the Court makes the following:

**FINDINGS OF FACT**

1. The Defendants were served with the Summons and Complaint in the present action on March 12, 2000.

2. The Defendants are not infants, incompetent persons, or in military service.

3. The Defendants have failed to answer, or otherwise defend, and are in default.

FILED AUG 1 7 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 1 7 2001
DEPUTY CLERK

4. Defendant David J. Berg, on behalf of Defendant Superior Builders, Inc., agreed to be bound by the Collective Bargaining Agreement of the Lakes and Plains Regional Council of Carpenters and Joiners.

5. The Collective Bargaining Agreement obligates the Defendants, as employers, to compute the contribution for each employee and pay those contributions to the agent of the Plaintiffs joint fringe benefit trust funds on or before the 10th day of the month following the month for which the contribution is being made.

6. The Plaintiffs joint fringe benefit trust funds are multi-employer plans as defined by 29 U.S.C. § 1002(37).

7. The Plaintiffs are entitled under the terms of the Collective Bargaining Agreement to audit the Defendants' payroll records to determine compliance with the reporting and contributions requirements.

8. The Plaintiffs requested that the Defendants submit records for the period of July 1999 through the present. The Defendants have failed and refused to produce such documents.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. The Plaintiffs' motion for entry of the Defendants' default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be granted.

2. The Plaintiffs are entitled to the relief sought in the Complaint, including injunctive relief compelling the Defendants to produce all records as requested by the Plaintiffs to allow the Plaintiffs to complete an audit of the records for the period of July 1999 through the present.

3. The Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because the Defendants will not be harmed by being compelled to comply with the Court's order.

Based on the foregoing, the Court hereby enters the following:

**ORDER**

1. The Plaintiffs' motion for default judgment (Doc. No. 7) is **GRANTED**.

2. Consistent with the relief sought in the Complaint, the Defendants shall produce for inspection and audit the following business records for the period July, 1999 through the present:

a. All payroll registers;

b. All time cards;

c. All of the Defendants' check registers and sequential canceled checks from all of the Defendants' payroll accounts;

d. All tax records and Minnesota Unemployment Compensation filings for 1999, 2000, and 2001;

e. Such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

3. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Wilson-McShane Corporation, 2850 Metro Drive, Bloomington, Minnesota 55425.

4. The Plaintiffs are not required to provide security under Federal Rule 65(c).

5. Upon completion of the fringe benefit compliance audit of the Defendants' books and records, the Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, audit fees, and attorney's fees. Upon the Court's

approval of the Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against the Defendants in the amount stated in the affidavit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 17, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: AUG 17 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500