ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CARPENTERS AND JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, NATIONAL APPRENTICESHIP TRAINING FUND, TWIN CITY CARPENTERS VACATION FUND, TRUSTS

Civil No. 01-330 DWF/AJB

Plaintiffs,

vs.

**ORDER FINDING CIVIL CONTEMPT**

SUPERIOR BUILDERS, INC. and DAVID J. BERG, individually

Defendants.

This matter comes before the Court following the entry of an Order to Show Cause why the Defendants, Superior Builders, Inc. and David J. Berg, individually (hereinafter "Defendants") should not be held in contempt for failing and refusing to comply with this Court's Findings of Fact, Conclusions of Law and Order dated August 17, 2001. The Order to Show Cause directed Superior Builders, Inc. and David J. Berg to appear before the undersigned on November 16, 2001 and explain why they should not be adjudged to be in contempt. Defendants failed to make an appearance at the time and place appointed in the Order to Show Cause. Nor did Defendants otherwise contact the Court prior to the scheduled hearing.

NOV 28 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## Background

The following facts appear from the record before the Court. The Plaintiffs are joint fringe benefit trust funds that are multi-employer plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Defendants agreed, pursuant to a certain collective bargaining agreement with the Lakes and Plains Regional Council of Carpenters and Joiners (hereinafter the "Union"), to compute and pay over contributions to the Plaintiff funds for each employee who is a member of the Union. (Wilson Aff. Ex. A (Independent Agreement between Defendant and Union) and Ex. B (Collective Bargaining Agreement between Union and Carpentry Contractors).) An individual named David J. Berg signed the Defendant's acceptance of the collective bargaining agreement on behalf of Superior Builders, Inc., and also agreed to bind himself personally to the obligations under the agreement. (Wilson Aff. Ex. A).

The Plaintiff funds attempted to require Superior Builders, Inc. and David J. Berg to submit to an audit of payroll records for the period from July, 1999 through the date of the Order, August 17, 2001, consistent with Defendants' obligations under the collective bargaining agreement. (Wilson Aff. ¶ 5.) Superior Builders, Inc. and David J. Berg failed to produce any payroll records for audit. (Wilson Aff. ¶ 7.)

As a result of Superior Builders, Inc.'s and David J. Berg's refusal to provide relevant records as requested by the Plaintiff funds, the Plaintiff funds began this lawsuit to enforce their rights under the collective bargaining agreement. Superior Builders, Inc. and David J. Berg were served with a Summons and Complaint in the matter on March 12, 2000. Superior Builders, Inc. and David J. Berg failed to move, answer or otherwise respond to

the Complaint. Accordingly, Superior Builders, Inc. and David J. Berg were determined to be in default. (Findings of Fact, Conclusions of Law and Order at 3.)

The Plaintiff funds applied, inter alia, for injunctive relief to compel Superior Builders, Inc. and David J. Berg to produce payroll records consistent with their obligations under the collective bargaining agreement. (Motion for Default Judgment.) The Defendant did not appear for the hearing. On August 17, 2001, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1145, and Rule 65 of the Federal Rules of Civil Procedure, the undersigned entered Findings of Fact, Conclusions of Law and Order ("the August 17, 2001 Order") which, among other things, directed Superior Builders, Inc. and David J. Berg to produce payroll records for the period July 1999 through August 17, 2001. (August 17, 2001 Order at 4.) Superior Builders, Inc. and David J. Berg were ordered on August 17, 2001 to produce the payroll records. The Findings of Fact and Conclusions of Law were served on Superior Builders, Inc. and David J. Berg on August 22, 2001, by mailing a copy thereof to David J. Berg. (Motion for Default Judgment, Beaulieu Aff. Ex. B.)

On October 9, 2001, the Plaintiff funds filed a Motion for an Order to Show Cause why Superior Builders, Inc. and David J. Berg should not be held in contempt. The motion was brought on the grounds that Superior Builders, Inc. and David J. Berg have failed to produce any business records as required by the August 17, 2001 Order. (Motion for Default Judgment, Beaulieu Aff. ¶ 4) Based on the record then before it, the Court entered an Order to Show Cause against Superior Builders, Inc. and David J. Berg.

## Analysis

An order granting an injunction is binding upon the parties to the action, their officers, agents servants, employees and attorneys, and those persons in active concert

or participation with them who receive actual notice of the order by personal service or otherwise. Fed. R. Civ. P. 65(d). "[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386-87, 100 S. Ct. 1194, 1201-02 (1980). In such a situation, the enjoined party is required to obey the injunction "out of respect for judicial processes." Id. (citing Walker v. City of Birmingham, 388 U.S. 307, 321, 87S. Ct. 1824, 1832 (1967)).I A person who flouts a valid and enforceable order of the Court is in contempt of court. Incarceration is an appropriate remedy in the context, but must be made conditional upon the performance of the act ordered by the court. United States v. Bayshore Assocs., Inc., 934 F. 2d 1291, 1400 (6th Cir. 1991).

The August 17, 2001 Order is valid and enforceable, and Superior Builders, Inc.'s and David J. Berg's undisputed noncompliance with that Order renders them in contempt of court.

**Order Finding Civil Contempt**

Accordingly, based upon all of the files, records, and proceedings herein, and to confirm the Court's determination made in chambers on November 16, 2001, **IT IS HEREBY ORDERED** that:

(1) Superior Builders, Inc. and David J. Berg, are found in civil contempt of the Court's August 17, 2001 Order;

(2) Superior Builders, Inc. and David J. Berg are assessed a $100 per day monetary penalty which shall be assessed for each day they fail to produce the business records after service of this Order;

(3) Within 14 days of being served with this Order, Superior Builders, Inc and David J. Berg are also ordered to pay the attorney's fees incurred by Plaintiffs in these contempt proceedings in the amount of $776.25 as identified in the affidavit on file from Plaintiff's counsel;

(4) Defendant David J. Berg shall appear before this Court on December 14, 2001 at 11:00 am to Show Cause why additional sanctions shall not be imposed.

(5) If Superior Builders, Inc. and David J. Berg continue to disregard the mandate of the Court's August 17, 2001 Order, additional sanctions, including incarceration of David J. Berg will be considered.

Dated November 28, 2001

Donovan W. Frank
United States District Court Judge