ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil No. 01-330 DWF/AJB

CARPENTERS AND JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, NATIONAL APPRENTICESHIP TRAINING FUND, TWIN CITY CARPENTERS VACATION FUND, TRUSTS,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF MONEY JUDGMENT**

SUPERIOR BUILDERS, INC. and DAVID J. BERG, individually,

Defendants.

This matter was heard before the undersigned on the 6th day of September 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on February 23, 2001.

2. Defendant was served with the Summons and Complaint in this matter on March 12, 2001.

3. Defendant failed to file and serve an Answer to the Summons and Complaint and Default Judgment was entered on August 17, 2001.

FILED SEP 06 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 06 2002
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

5. Defendant accepted and agreed to be bound by certain a Collective Bargaining Agreement (hereinafter Bargaining Agreement) between the Carpenters Employers Council and the Lakes and Plains Regional Council of Carpenters and Joiners. The Bargaining Agreement obligates Defendants, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendants' payroll records to determine its compliance with the reporting and contributions requirements.

7. Plaintiffs completed an audit of the Defendants' records for the period of July 1999 through December 2001 and discovered hours worked by employees, but for which fringe benefit contributions had not been submitted.

8. The Plaintiffs' auditor determined that a total of $21,509.15 was past due and owing for fringe benefit contributions and $2,150.92 was due for liquidated damages.

9. Plaintiffs have incurred a total of $6,853.75 in attorney fees and $726.05 in costs. In light of the procedural history of this case, these costs have been reasonable and necessary for the prosecution of the Plaintiffs' claims.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to a money judgment.

2. Defendants owe $21,509.15 for fringe benefit contributions and $2,150.92 for liquidated damages.

3. Defendant owes $7,579.80 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for entry of money judgment is granted.

2. That Plaintiffs shall have judgment, joint and several, against Defendants in the amount of $31,239.87.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 6, 2002

BY THE COURT

The Honorable Donovan W. Frank
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995